# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MAJOR M. J. HALKO,** | ) | CASE NO. 1:18-cv-01835-CAB |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| **PETER MILLER,** et al. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | **Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Fed. R. Civ. P. 38.** |

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff amends his Complaint and states as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

2. Venue is proper in this Court pursuant to 38 U.S.C. § 4323(c)(2) because Defendant Deloitte maintains a place of business at 127 Public Square #3300, Cleveland, OH 44114. U.S.C. § 4323(c)(2) provides that, "[i]n the case of an action against a private employer, the action may proceed in the United States District Court for any district in which the private employer of the

person maintains a place of business," and Defendant Peter Miller resides in Cuyahoga County, Ohio.

## PARTIES

3. Plaintiff Major M. J. Halko resides in Broward County, Florida. At all times material to allegations contained in the Complaint, Plaintiff worked for Defendant Deloitte, and was an employee as defined by 38 U.S.C. § 4303(3).

4. Defendant Peter Miller resides at 2986 Kingsley Road, Shaker Heights, Ohio, 44122, and at all times material to allegations contained in the Complaint, was employed by Deloitte, supervised Plaintiff, and has been an employer as defined by U.S.C. § 4304(4)(A).

5. Defendant Deloitte is incorporated in Delaware, maintains a place of business at 127 Public Square #3300, Cleveland, OH 44114, in Cuyahoga County, Ohio, and is an employer as defined by U.S.C. § 4304(4)(A).

## FACTS APPLICABLE TO ALL CLAIMS

6. Since 1999, Plaintiff has been an active member of the National Guard where he serves as a Major.

7. Plaintiff began his employment with Deloitte on or around October 2012.

8. Plaintiff earned a promotion to the position of Manager on or around August 2014.

9. Plaintiff regularly received positive performance reviews from his supervisors and clients.

10. In December 2016, Plaintiff was told by Deloitte that he was on track for a promotion.

11. In Plaintiff's Performance Snapshot on August 6, 2016, the comment stated, "Matt worked tirelessly to help stand-up and implement…training for one of our prominent digital pillars…This required significant project management and navigation across our industries…"

12. On November, 9, 2016, Plaintiff was described as "a good executor that can be counted on to work very hard to deliver."

13. On January 6, 2017, Plaintiff again received satisfactory marks, and no reports of poor performance.

14. During relevant periods, other employees receiving similar ratings were promoted to Senior Manager and Partner.

15. Plaintiff informed Defendants more than 30 days in advance of his departure for qualified service that he was scheduled for Active Duty for Training, and otherwise provided advance notice to Defendants that was reasonable under the circumstances to the extent required.

16. Plaintiff reported for Active Duty for Training, as ordered, as obligated and to perform his military service.

17. Plaintiff's period of service exceeded 30 days.

18. Plaintiff returned to work within the period expressly permitted by 38 U.S.C. § 4312, *et seq*.

19. On June 19, 2017, Defendant Deloitte unlawfully terminated Plaintiff from his employment in violation of 38 U.S.C. Sec. 4301, *et seq.*

### COUNTS ONE AND TWO–DISCRIMINATION AND RETALIATION
(38 U.S.C. 4311, *et seq.*)

20. Plaintiff restates and incorporates herein the allegations contained in the preceding paragraphs.

21. Defendants' conduct violated 38 U.S.C. § 4311(a), which states, in relevant part, that

"[a] person who…has an obligation to perform service in a uniformed service, shall not be denied retention in employment on the basis of that performance of service or obligation."

22. Defendants' conduct violated 38 U.S.C. § 4311(b) which provides that, "[a]n employer may not discriminate in employment against or take any adverse employment action against any person because such person…has exercised a right provided for in this chapter [38 USCS §§ 4301 *et seq.*]."

23. Defendants retaliated and discriminated against Plaintiff on the basis of his membership and performance of service, by relying on, taking into account, or considering his membership of, and obligation to perform service, in deciding to deny him retention in employment.

24. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages for which Defendants are liable under 38 U.S.C. § 4301, *et seq.*, including, but not limited to, loss of salary, wages, backpay, frontpay, lost earning capacity, pain and suffering, employment benefits, promotions and promotional opportunities, and other compensation, privileges and terms and conditions of employment, as well as attorneys' fees, expert fees, litigation expenses, and costs.

25. Because Defendants' violation of USERRA was willful, Plaintiff requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C), and related provisions and regulations.

### **COUNT THREE – UNLAWFUL DISCHARGE**
(38 U.S.C. § 4301 *et seq.*)

26. Plaintiff restates and incorporates herein the allegations contained in the preceding paragraphs.

27. Defendants' conduct violated Plaintiff's rights, under 38 U.S.C. § 4316(c)(2) and related provisions and regulations, which states that, "[a] person who is reemployed by an employer under [38 U.S.C. § 4301 *et seq.*] shall not be discharged from such employment, except for cause"

4

for 180 days after his reemployment following a period of service greater than 30 days but less than 180 days.

28. Plaintiff's period of service in 2017 was greater than 30 days but less than 180 days, within the meaning of the statute.

29. Because Plaintiff's period of service qualified under 38 U.S.C. § 4316(c)(2), Plaintiff could only be discharged for cause.

30. Defendants discharged Plaintiff without cause.

31. Defendants' discharge of Plaintiff without cause was a willful violation of 38 U.S.C. §4301, *et seq.*

32. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages for which Defendants are liable under 38 U.S.C. § 4301, *et seq.*, including, but not limited to, loss of salary, wages, backpay, reinstatement, frontpay, lost earning capacity, pain and suffering, employment benefits, promotions and promotional opportunities, and other compensation, privileges and terms and conditions of employment, as well as attorneys' fees, expert fees, litigation expenses, and costs.

33. Because Defendants' violation of USERRA was willful, Defendants are liable for liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C), and related provisions and regulations.

## **PRAYER FOR RELIEF**

Plaintiff M. J. Halko seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for his injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him back pay, reinstatement, front pay for any and all lost wages and other benefits, lost earning capacity, pain and suffering, employment benefits, promotions and promotional opportunities, and other compensation, privileges, and terms and conditions of

employment, liquidated damages, and for attorneys' fees, expert fees, litigation expenses, and costs pursuant to 38 U.S.C. § 4323(h), and related provisions and regulations. Plaintiff further prays for other and further relief as the Court may find just and proper.

>Respectfully submitted,
>
>*/s/ Christopher P. Thorman*
>CHRISTOPHER P. THORMAN (0056013)
>cthorman@tpgfirm.com
>DANIEL P. PETROV (0074151)
>dpetrov@tpgfirm.com
>
>THORMAN PETROV GROUP CO., LPA
>50 E. Washington St.
>Cleveland, Ohio 44022
>Tel. (216) 621-3500
>Fax (216) 621-3422
>
>*Attorneys for Plaintiff Major M.J. Halko*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system this 12th day of September, 2018 upon:

Jill S. Kirila, Esq.
William J. Kishman, Esq.
Squire Patton Boggs (US) LLP
127 Public Square
4900 Key Tower
Cleveland, Ohio  44114
Jill.kirila@squirepb.com
William.kishman@squirepb.com

*/s/ Christopher P. Thorman*
One of the Attorneys for Plaintiff